UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Case No.

JAMES A. MATTE

               Plaintiff

-v-

ARNO HORVATH
    and
ACADEMY OF POLYGRAPH
SCIENCE LATIN AMERICA, INC.

               Defendants

**COMPLAINT FOR DECLARATORY
JUDGMENT OF COPYRIGHT
NON-INFRINGEMENT AND
INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff, JAMES A. MATTE, for his complaint against Defendants, alleges as follows:

1. Plaintiff is a citizen and resident of the County of Erie and State of New York.

2. Upon information and belief, the Defendant, ARNO HORVATH is a resident of the City of Largo, County of Pinellas, and State of Florida, and the Defendant, ACADEMY OF POLYGRAPH SCIENCE LATIN AMERICA, INC. Is a Florida corporation (No. CC9564222144) with offices at 12512 Seminole Boulevard, Suite 15 in the City of Largo, County of Pinellas, and State of Florida.

3. This Court has subject matter jurisdiction over plaintiffs' Copyright Act claims under 28 U.S.C. §§ 1331, 1332, and 2201. This Court has personal jurisdiction over Defendants under the test established in *Calder v. Jones,* 465 US 783 (1984), applying Cal. Code Civ. Proc § 410.10. Venue is proper in this District under 28 U.S.C. § 1391(b).

4. Prior to December, 1996, plaintiff, who then was and ever since has been a citizen of the United States, created and wrote an original book, entitled FORENSIC PSYCHOPHYSIOLOGY USING THE POLYGRAPH: SCIENTIFIC TRUTH VERIFICATION — LIE DETECTION

5. This book contains a large amount of material wholly original with plaintiff and is copyrightable subject matter under the laws of the United States.

6. Between November 29, 1996 and December 3, 1996, plaintiff complied in all respects with The Copyright Act of 1976 as amended ("The Act")and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of said book, and received from the Register of Copyrights a certificate of registration, dated and identified as follows: "December 3, 1996, No. Txu-691– 929"

7. Since December 3, 1996, said book has been published by plaintiff and all copies of it made by plaintiff or under his authority or license have been printed, bound, and published in strict conformity with the provisions of The Act and all other laws governing copyright.

8. Since December 3, 1996, plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in said book.

8. After December 3, 1996, defendant infringed said copyright by publishing and placing upon the market a book entitled (or commonly referred to as) MANUAL-POLIGRAFÍA-ESPAÑOL-NUEVO which was copied largely from plaintiff's copyrighted book, entitled FORENSIC PSYCHOPHYSIOLOGY USING THE POLYGRAPH: SCIENTIFIC TRUTH VERIFICATION — LIE DETECTION.

9. A copy of plaintiff's copyrighted book is hereto attached as "Exhibit 1"; and a copy of defendant's infringing book is hereto attached as "Exhibit 2."

10. Plaintiff has notified defendant that defendant has infringed the copyright of plaintiff, and defendant has willfully continued to infringe the copyright.

11. After December 3, 1996, and continuously since at least 2013, defendant has been publishing, selling and otherwise marketing the book entitled (or commonly referred to as) MANUAL-POLIGRAFÍA-ESPAÑOL-NUEVO, and has thereby been engaging in unfair trade practices and unfair competition against plaintiff to plaintiff's irreparable damage. Wherefore plaintiff demands:

    (1) That defendant, his agents, and servants be enjoined during the pendency of this action and permanently from infringing said copyright of said plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the book entitled (or commonly referred to as) MANUAL-POLIGRAFÍA-ESPAÑOL-NUEVO.

    (2) That defendant be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendant's infringement of said copyright and said unfair trade practices and unfair competition and to account for

        (a) all gains, profits and advantages derived by defendant by said trade practices and unfair competition and

        (b) all gains, profits, and advantages derived by defendant by his infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provisions of the copyright statutes, but not less than $750.00.

        (c) upon a finding that such infringement was willful, such damages as to the court shall appear proper within the provisions of the copyright statutes, up to the sum of $150,000.00 for each such infringement.

    (3) That defendant be required to deliver up to be impounded during the pendency of this -action all copies of said book entitled (or commonly referred to as) MANUAL-POLIGRAFÍA-ESPAÑOL-NUEVO in his possession or under his control and to deliver up for destruction all infringing copies and all plates, molds, memory devices, disks, digital files, and other matter for making, duplicating, or reproducing such infringing copies.

(4) That defendant pay to plaintiff the costs of this action and reasonable attorney's fees to be allowed to the plaintiff by the court.

(5) That plaintiff have such other and further relief as is just.

Dated: July 28, 2016

DENIS A. KITCHEN, ESQ.
Attorney for Plaintiff
8899 Main Street
Williamsville, New York  14221
(716) 631-5661

VERIFICATION

STATE OF NEW YORK
COUNTY OF ERIE

JAMES A. MATTE, being duly sworn, deposes and says that deponent is the Plaintiff in the above entitled proceeding; that deponent has read the foregoing Complaint and knows the contents thereof; that the same are true to the knowledge of deponent except as to those matters stated to be upon information and belief, and as to those matters, deponent believes it to be true.

JAMES A. MATTE

Sworn to before me this
31st day of August, 2016

**DENIS A. KITCHEN**
**Notary Public State of New York**
**Qualified in Erie County**
**Registration No.02KI5061479**
**Commission expires 6/10/2018**